PROB 12 (Rev. 11/1/2004)

**FILED BY CLERK OF COURT**

# United States District Court

**for the**

**DISTRICT OF MINNESOTA**

**United States v. Donathon Lynell Williams**

**Docket No. 0:01CR00091-001(JRT)**

**Petition on Supervised Release**

COMES NOW **David J. Schwab**, U.S. PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of **Donathon Lynell Williams** who was sentenced for Theft of a Federally Licensed Firearms Dealer on August 27, 2002, by the Honorable John R. Tunheim, who fixed the period of supervision at 3 years supervised release, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

No alcohol; not to enter establishment where alcohol is sold; participate in drug/alcohol treatment program; mandatory drug testing; financial disclosure; psychological/psychiatric counseling/treatment; Rule 36 counseling, medication, housing; take prescribed medication; no new credit; and no firearms, dangerous weapons

16 hours community service (modified February 6, 2006)
24 hours community service (modified February 18, 2006)
30 days home detention (modified April 13, 2006)
120 days, reside in a community corrections center (modified July 10, 2006)

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

MANDATORY CONDITION #4: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

Mr. Williams submitted urine specimens on November 29, 2005; and February 6; June 28; August 11 and 26; and December 1, 2006, which later tested positive for marijuana. A urine specimen collected on December 18, 2006, tested positive for marijuana, however, confirmation is still pending.

SPECIAL CONDITION #6: The defendant shall participate in a program for drug and/or alcohol abuse at the direction of the probation officer. That program may include testing and inpatient or outpatient treatment, counseling, or a support group.

Mr. Williams failed to report for scheduled urinalysis on April 1 and 3; June 12; October 17; and December 9, 2006.

SCANNED
JAN 24 2007
U.S. DISTRICT COURT MPLS

summons issued

SPECIAL CONDITION: At the time of sentencing, the defendant was ordered to pay a special assessment in the amount of $100 as well as restitution in the amount of $2,925.72

Mr. Williams has yet to make a payment towards these obligations.

PRAYING THAT THE COURT WILL ORDER That a summons be issued and the defendant be brought before the Court to show cause why supervision should not be revoked.

**[The rationale for a summons is contained in Section 5 of the violation report.]**

ORDER OF THE COURT

Considered and ordered this 24th day of JAN, 2007 and ordered filed and made a part of the records in the above case.

Honorable John R. Tunheim
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

David J. Schwab
Senior U.S. Probation Officer

Executed on January 24, 2007
Place Minneapolis